We're happy to hear argument in No. 144416, United States v. Palomino-Coronado. Ms. Silver? Good morning, and may it please the Court. My name is Joanna Silver, and I represent the appellant, Anthony Palomino-Coronado. Your Honors, this case is about one picture, one terrible but unplanned and deleted picture, one picture of one brief moment during one sexual act in a case in which the government's evidence showed recurring abuse for over a three-month period. Regardless of whether you apply the dominant motive standard or a lesser standard, no rational jury could conclude beyond a reasonable doubt that a purpose of Mr. Palomino's abuse of BH was to create that one picture. For this reason, no matter how immoral or illegal Mr. Palomino's conduct was, it does not sustain a conviction. It cannot sustain a conviction for enticing a minor for the purpose of creating child pornography. This was the only charge, only federal criminal charge? It was, Your Honor. And where are the state proceedings right now? I'm not actually sure of that, Your Honor. There are state proceedings, and as I indicated in my brief, I believe this is where this case should be. I believe that this is quintessentially a state crime, Your Honor. That's why I thought maybe you'd know where the state proceedings were. I don't. Maybe the government can address that. Maybe they can. Unlike state sexual abuse statutes, 18 United States Code, Section 2251A, is not a strict liability offense, and it is not a general intense offense. The text of the statute contains an explicit, specific intent mens rea, that the defendant must employ, use, persuade, or entice a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. Now, the statute does not say, entices a minor to engage in sexually explicit conduct, and intentionally creates a depiction of that conduct. That interpretation of the statute eviscerates the mens rea requirement that was so clearly included in the plain language, and as Your Honors know, the plain language of the statute must control, and no other court has adopted such a narrow interpretation of the statute. No other court has said that it is sufficient for there to be the enticement, or the abuse, and a picture, and that's it. Yet, that is all we have in this case. Now, looking at the standard that this court should apply, this court has not actually addressed what the purpose mens rea means in the context of this statute. It has only addressed it in the context of a guideline cross-reference, 2G 2.2, and that was in United States v. Cox. And in that case, this court held similarly to many other circuits that the creation of the picture only has to be one purpose. But in that case, it's very important to notice that this court focused very heavily on an application note to the guideline, which said that the guideline is to be construed broadly. And as Your Honors know, criminal statutes are not to be construed broadly, they're to be construed narrowly. And so, in looking at the standard, I actually would encourage the court to consider adopting the dominant purpose standard, which is what the Second Circuit adopted in United States v. Sirois. And I think that that standard is much more respectful of the plain language of the statute. But you don't have to have that in order to convey it, according to you. Absolutely not. And that is my point, Your Honor. It does not matter what standard this court applies, because regardless, the evidence in this case was not sufficient. And I want to emphasize that I believe this is an unusual case, and that there really is a... Has your office had any other cases under this statute that you know of? Absolutely. We have cases under this statute all the time, Your Honor. On this purpose point? Not where we've argued the purpose point. No, because honestly, usually there is pretty clear evidence of purpose. Okay. I was thinking back into cases I've had. I've had several. And there was one in which my client, and he did plead guilty, enticed his very young niece to come over and put her mouth and her hand very close to his penis and took a series of pictures of it. It was about a half a dozen pictures. And in that case, there was evidence of the possession of other child pornography by the defendant. There was also evidence that he had been engaging in text messages with a man he met in a chat room, in which they were bragging to each other about what they were doing to children and about images they were creating. And there was no other evidence that he had abused his niece. So you can kind of see in that case the difference. You can understand where you can see that really his motivating purpose in that case, not even a purpose, but his motivating purpose was to take that picture because he had something he was going to do with it. And in the cases that I cited in my brief, the courts look at a number of different factors because with any specific intent mens rea, you really do need to look at circumstantial evidence. And the courts look at the number of pictures that were taken. The more pictures that were taken, the more likely it is that taking the pictures was a purpose of the enticement. The courts look at evidence of planning, were there statements made, the type of equipment that was used. Obviously, it's easier to find the purpose if it's a videotape. If someone brought the equipment to the site, there were many cases I cited in which the defendant actually brought a camera and set it up. Evidence that pictures were posed, that the minor was instructed to assume certain positions, whether the pictures were retained. That's something that the courts that I cited looked at repeatedly because retention of the pictures, often sometimes they're cataloged, really shows that it's the pictures that were important, even sometimes more important than the enticement. And the thing is, Your Honors, the facts of these cases are all terrible and it's not a pleasant thing to have to imagine what's going on in the mind of someone when he's abusing a child. But that's really what this statute asks us to do, because this statute does require a specific intent. And kind of to go back to what Judge Mott started to ask at the beginning about state statutes, there's a difference between the federal child pornography statutes and state sexual abuse statutes. There actually is, and I looked because I wasn't sure, but there are no federal child production, child pornography production statutes that are general intent statutes. There's this statute, which is about enticing the minor or using the minor for the purpose of creating the picture. And then there is a statute, it's 2255A, that criminalizes producing child pornography with the intent to distribute it. So again, even there, there's a specific intent. And so this is different than state sexual abuse statutes, which all they look at is, was there abuse and what was the age of the victim? And that's it. And that is in part because of the interstate commerce nexus and why the government punishes the production of child pornography. So really, in these federal statutes, they require what I think of as a motivational nexus between the abuse and the taking of the picture. And in this case, we simply do not have that nexus. This case involves one picture. That is it. And I ask you, how often do people take only one picture when the goal of their conduct is to capture it on film? The one picture was taken in March, that's what the forensic evidence showed, when the evidence showed repeated abuse from February all the way through the night that it was uncovered in May. And what's quite important, particularly in my mind, given that I have seen a lot of these cases, is that not only was there just one picture of this victim, but there was only one picture of child pornography in this case, period. So there's absolutely no evidence that Mr. Palomino had an interest in child pornography. And in addition, there were no sexual pictures at all. And so that's another thing that some of the other cases looked at. There was a case I cited in which not only did the defendant videotape his sex with a minor, but he also videotaped his sex with his own wife. And so again, that suggests that there is a nexus or an interest in videotaping sexual activity, and that doesn't exist in our case. In addition, the one picture was deleted. And again, the government argued, and I'm sure we'll stand up here and argue that Mr. Palomino might have deleted that picture in the several hours between when BH was discovered and when the police searched his home, but there's no evidence to support that inference. And there's an equal inference that he deleted it much earlier. And when you have those equal inferences, they do need to weigh in the favor of a reasonable doubt of not guilty. I would also ask if he had taken the time to delete that one sexual picture of BH, why wouldn't he have deleted the few non-sexual pictures of BH that were also found on his phone? His picture was taken with his cell phone, which goes to the planning element that a lot of the other courts look at. A cell phone is something that most people, particularly teenagers, Mr. Palomino was 19 years old, he was still in high school. It's something that people keep close by. The fact that it was taken with a cell phone I think adds to this lack of evidence of planning. And then finally, your honors, there were thousands of pictures on Mr. Palomino's cell phone. He took pictures all the time of everything he did, just like a typical teenager, like a typical high schooler. Constantly taking what we call selfies. And again, this is not meant to minimize what this particular picture showed. But I truly don't believe there's any evidence to suggest that this is anything but that. That unfortunately what this man was doing at the time was abusing this young girl, and for whatever reason that night, while it was happening, decided to take a picture. That does not constitute the crime that he has been convicted of, the crime that he's of producing child pornography. Thank you very much.  Ms. O'Malley? May it please the court. My name is Christy O'Malley, Assistant United States Attorney representing the United States. And I had the pleasure of being one of the trial attorneys in this case as well. The government asked this court to affirm the conviction of Anthony Palomino Coronado. And I realize that the appellant only addressed the purpose argument. I'm happy to address other arguments if you have questions, but I'll focus on that. Otherwise, first I wanted to answer the question of the Honorable Judge Motz. The case in the state court is on the stat docket, meaning it's inactive. It's not being pursued for trial at this time. It has not been tried. But it can be? It can be reactivated theoretically within a certain time limit. Are we within that time? Right now, I believe we are. I believe it was studied still within the last year. So theoretically, it could be reactivated in the state court. Have you had any communication to suggest that the state wouldn't reactivate this? Your Honor, I would be speaking outside the record. I'm happy to address your question. But what I can tell you is that a 9-year-old child had to testify in the federal criminal case, and no one wants that 9-year-old child to ever have to testify again. So the state does not want to pursue it. Well, let me ask you about how this happened to be a federal case. As I read the papers, local police came in and made this arrest. Is that right? Correct. And somehow it transfigured to be a federal case with FBI forensic. That's correct, Your Honor. That happens all the time. We coordinate quite closely. I understand that. I've been a judge longer than you've been alive. So I do understand that that often happens. But the only statute that was available for you to charge is the one you did charge. Is that correct? Theoretically, we probably could have also charged possession of child pornography. There's a hurdle in the fact that the image was deleted, so whether we can charge it based on a deleted image for possession is a question that we didn't want to resolve. We opted to do production. So in the judgment of the United States Attorney, there was only one charge to be made, and you made the charge, right? In the judgment of the United States Attorney, we chose to charge only production in this case, yes. So what do we do with respect to specific intent? So first, Your Honor, I would note that the purpose argument is the question here that the jury was instructed is was the purpose of the defendant engaging in sexual intercourse with a 7-year-old child to take a picture of it. And it's not the sole purpose, the predominant purpose. I understand that. Was it one of many purposes? There was no error in the jury instruction. I don't think there's a contention that there was an error in the jury instruction. The contention was there was insufficient evidence. Correct, and looking at all the evidence. It wouldn't matter how great the instruction was. Fair enough, fair enough. My point is that the jury was properly instructed. The jury had the evidence before it. All of the inferences of the facts should be weighed in favor of the government when looking at them to ask if any one of those jurors could have found beyond a reasonable doubt that the evidence in this case was sufficient. There was a lot of evidence put before the jury, not just the fact that there was a picture. We have evidence that the victim in this case went over to the defendant's house on more than 10 occasions, that they engaged in sexual acts on more than one occasion, that the defendant took a picture with his cell phone. The victim testified that the defendant took that picture with his phone. So we know that the victim was aware that he was in the middle of that act taking that picture. And then he took other pictures of her about a month and a half later on May 2nd of her face. And just to correct the factual record, those pictures were deleted too. And those pictures were taken on the night of May 1st going into May 2nd, and then were deleted within 24 hours before his phone was taken by the police. One can infer factually that if those pictures of her face were deleted in that 24-hour period between when she was found and when his phone was taken, that the picture of the sexual act between the two of them could also have been deleted in that same time frame. Well, all that it seems to me gets you is, let's assume that you're correct, that he deleted it because he was worried that people were going to come with him and say what he had done was wrong. All that does is say that he had a specific intent to delete. I don't know where that gets you with this crime. Well, the specific intent to take the picture first, like I said, we know that he had specific intent to engage in sexual acts with the child. We know that he brought his phone to that location. It cannot be that we can't have production cases with cellular telephones when everyone now takes pictures with cellular telephones. Picture. Picture. The statute says a visual depiction. The statute does not say multiple visual depictions. Have you found a case in which there's just one? Yes, Your Honor. Other than this case? Yes, Your Honor. And it wasn't on sufficiency of the evidence grounds. I discovered it yesterday morning. United States v. Kent. The reference is 531F3-642 at page 653. It's in the Eighth Circuit from 2008. I'm happy to file a post-briefing. Maybe you can tell me about that case. Certainly, Your Honor. In that case, there was one photo of the defendant and the victim having sex retrieved from a cell phone. The victim's testimony was that the defendant asked her to have sex in order to take a photo. The victim was with the defendant. In order to take a photo. Yes. There's that testimony. That was testimony. That's evidence. You had direct evidence there. That the victim testified that she was asked to have sex to take a photo. Yes. You don't have equivalent testimony here. We have testimony that he took it with his phone. But you don't have testimony that the witness says, the young woman says that he told me he was taking the picture. We're having the same kind of testimony you had in the Eighth Circuit case. That's true. You don't have that. That's true. With all due respect, Your Honor, that victim was 16. This victim was 9 when she testified. What difference does that make? It makes a huge difference in how much a child can actually articulate specifics. It doesn't matter. Counsel, that doesn't matter. The elements of an offense doesn't change because of the age unless the age is connected to the element. You just gave us a case where the case was over because the victim said, let's have sex because I want to take a picture of it. That's the end of the case. That wasn't a sufficiency argument. I want to make clear that was a witness credibility case. My point is there is a case where there's one picture on a cell phone. So there wasn't even a claim that the evidence was insufficient. No. Is that it? Well, okay. I only pointed out because you asked me was there a case where there was one picture on a cell phone and there has been. I guess I should have been clear because I meant a case that would be relevant here where there was one victim on the cell phone and there was a sufficiency of the evidence argument made. And the answer is no. Is that correct? I'm not aware of any case on that ground. It sounds like you searched for one. Yes. I certainly have searched for one. There have been no others in the District of Maryland that you know of. Not that I'm aware of. And I'm the Project Safe Childhood Coordinator in our district. So I handle. That's the first one you all have ever prosecuted. That's the first one we've prosecuted, yes. But we don't choose the evidence that comes to us. The statute requires a visual depiction, and there was a visual depiction in this case meeting the statute. And in the United States v. Cox, this court found that there is no minimum. You should have left it in the state court and said the evidence. The prosecutor, in his discretion, could have let the state prosecute it and focused on. I read a newspaper the other day that you all were going to start focusing on public corruption. They were going to change the guidelines back or the prosecution guidelines. The Attorney General was going to emphasize public corruption and leave these state cases with the state. Your Honor, there certainly is an option for this case to be charged under a state statute, and there is an option for it to be charged under a federal statute. The question isn't the discretion of the office and whether or not we prosecute this case. The question is whether there's sufficient evidence to uphold the prosecution. And I would argue that there are to uphold the conviction. I would argue in this case that there was sufficient evidence to uphold the conviction in this case. The jury had facts before that this defendant brought a cell phone into the home where he was secretly engaging in sexual relations with this child. He didn't leave it in his room. He brought it with him. Well, generally, people do bring their cell phones with them. I bet there are a lot of people that would like to have them in court. Maybe they had to check them. And people don't leave them in their room. Only people like me who aren't used to cell phones leave them in their room. Other people carry them along with them wherever they go. Again, though, Your Honor, the fact that you carry your cell phone with you places you go can't evisciate the idea of having a production of child pornography case on a cell phone. It doesn't. But counsel, it hurts you because obviously the cases where people bring photographic material with them and cameras and tripods and all those things, but a cell phone doesn't get you that because people now, it's almost like an appendage. It's like another limb to people. I agree with you there, Your Honor. But exactly what you've said, it's an appendage. People take all of their pictures now with their cell phones. They don't bring cameras with them anymore. A 19-year-old person is not bringing a camera. Unless they're really concentrating on the picture. Then they might set up a tripod and then they might pose people. Again, Your Honor, the cases don't require a minimum threshold. Of course they don't require it. It's evidence. Fair enough. It's a circumstantial evidence case. Will you admit that? There is direct evidence that the picture was taken by the defendant with the intent. The purpose, the element we're talking about here, it's a circumstantial evidence case. The question is whether there is any circumstantial evidence that would satisfy the standard, which isn't very strong. I agree with all that. We know we're very familiar with all that. Right. On that point, it's a circumstantial evidence case, and it's thin at best. At the very best, it's thin. The circumstantial evidence in this case that was presented to the jury was that the defendant went down to his basement with an instrument that takes pictures, engaged in a sexual act. And I would invite Your Honors to look at the photographic evidence in this case. The picture is taken in the middle of a sexual act, in the middle of sexual intercourse with a seven-year-old child. He had to pick up the phone, open it, find the camera, aim it, and hit the picture. That takes planning and purpose. It may take less planning than setting up a tripod. It takes planning and purpose to take the picture. Does it take planning and purpose to have that been his intent, to take pictures of her? Your Honor, it only has to be one of his many purposes, not his sole purpose. I understand that. He certainly had the purpose to sexually abuse the child. I don't dispute that. He certainly had the purpose to ---- You don't go along with that dominant purpose rule that was proposed here a while ago? I don't accept the dominant purpose rule because I don't believe that it's consistent with every other circuit that has ruled on the issue. And even the Second Circuit in the Syrois case, when they found that standard, they were relying on the jury instructions that used the dominant purpose standard and then just applying them in the case. And interestingly, the facts of that case actually ---- You say it has to be a purpose. It has to be a purpose. Well, they said it has to be a dominant purpose in that case. I think it has to be a purpose. What do you say? I think it has to be one of many purposes. A purpose. A purpose. We have to show that there's some evidence that it was a purpose. And again, the fact that he took this child into the basement ---- Correct. Looking at the evidence in the light most favorable to the government. Looking at the evidence in the light most favorable to the government, and with all permissible inferences and all that. Correct. Under the standards of the law, we have to look at it and see whether it's there. Correct. It's de novo review, right? What I would argue is that it is there, given that, again, he takes the child into the basement, he opens up the phone in the middle of a sex act, he aims it, takes the picture, and has it on his cell phone, where he uses his phone to take pictures. That is his instrument of taking pictures. And the facts in the Soroy's case, where there was a camera taken, just a different means of taking pictures, and the parties tried to argue that it was a spur of the moment idea to take these pictures. Two men brought cameras to a camping event with boys, had never any evidence they'd ever taken any pictures before. They took pictures at that event and tried to claim, well, it was a spur of the moment idea that we just decided all of a sudden we've got our cameras, we're going to take pictures of these sexual acts. It can't be that you can't form the intent in the middle of the act, or on that one occasion you decide, you know what, this time I'm going to take a picture. And if this time you decide you're going to take a picture, you're going to have sex with that child to take a picture of it, then the elements of the statute have been met. And that's what happened here. The defendant, there also are other cases. Did you try the case? Yes, I did, Your Honor. You did a good job. Thank you, Your Honor. I didn't get a conviction on a case like this, because the juror is just overwhelmed by how repulsive it is. I mean, he would have probably, once you showed that picture of what he did, that was easy for a juror. Like, duh, is that a problem? I mean, that's why these cases have to be very careful, because it is so repulsive, absolutely. That's why we have to look at them. For example, you would say if you went to a ball game and you're sitting in an outfield and then you took a selfie with someone, you would say, okay, you went to the game to take the picture, right? Or is it you took the picture because you were at the game? Which is it? One of your purposes in going to the game and bringing a camera, a means of taking pictures with you, was to take a picture at that game. Well, it would be a per se rule, wouldn't it? All you have to show them. Is there ever a time when it's not, does it not mean if you take the picture that it does not constitute a crime in your view? Where you're having sex with a child and you take a picture? Yes. I'm not aware of any cases where a court has ever found that. That's not what I asked you. Fair enough. I asked you is it ever possible. It is possible, I think, in cases where you would have, two cases I can think of. One, if you had capturing of the picture where the defendant was unaware. I think that the defendant would not be responsible for. No, no, no. We're talking about the defendant taking the picture. I'm not sure. I think you'd have to look at the evidence in that case. I'm not sure how you could come up with a scenario where. Because it does seem to me that under your definition is strict liability crime. And every time the defendant takes the picture it meets this, it's a crime as far as you're concerned under this statute. I'm not sure. I cannot think of a scenario. What I can tell you is I cannot think of a scenario where a defendant engages in a sexual act, has a photographic device and captures that act where it wasn't intentional. I mean, I suppose you could accidentally hit the button on the camera or the defendant could accidentally do it. What you tie intent to is the fact that the person intends to take a picture. I think that's, that satisfies the intent requirement. I think that's a big part of the intent. Does it satisfy? Well, I'm trying to, I'm just trying to think through if there's any scenario where they can intend to take the picture. And I've thought about it quite a lot. Your honor. That's why I'm asking you for your help here. I thought about it quite a lot. I'm asking you, you know, because what the, what the defendant maintains is that you've turned this into a specific intent crime. And what I'm giving you the opportunity to do is to tell me, no, that's not so right. There must be evidence of intent and you could have a picture taken that would not constitute a violation of the statute. I'm asking you to give me that case, not a case that's been decided. Right. Fair enough. Factual. Fair enough. And I'm trying to think of, and I have not been able to come up with in my mind, a factual scenario where you have a defendant intentionally engaging in a sexual act with a child and bringing photographic equipment to that encounter and taking a picture of that encounter and not finding that he, one of his purposes, when he has that photographic device with him, one of his purposes in engaging in that sexual act was to memorialize that was to create a visual depiction. One of his purposes. The purpose of the sexual act was to take the picture. Correct. That's what you have to prove, right? Correct. And, and I believe looking at this particular case, I believe there was sufficient evidence for the jury to find that that was one of this defendant's purposes, given that he did take pictures of this child, given that he brought his phone to the location where he was engaging in sexual encounters with her, which was not his room. He was in his basement of his home. He didn't bring it to the location. He's at home. Well, he didn't leave it in his bedroom either. I told you only I do that. He didn't leave his phone in his bedroom? I guess he had the advantage of having three daughters, believe me. I can't think of any room that's on a basement floor, on a phone, but no matter, go ahead. And, and there are obviously two other issues in this case. I don't know if the court wants me to address them. Now the other, that state court case is held in abeyance, whatever the proper term was up there in Maryland, but it's been, it's pending and held in abeyance pending the disposition of this case, right? It is steaded because of the conviction in this case. It's, it's been held up because of this case. And so if, if you lose on appeal, then the state can decide whether it wants to proceed on that case. As long as it's within the timeframe that they can revive the case on stat, the state could. Well, the statute of limitations is not running it. You know, I don't know the answer to that under state law. You got an indictment. I mean, I don't think it holds at all. I mean, they can, they can proceed with the state case. They don't need this. You don't need this federal prosecution to keep this guy in the penitentiary as long as you want to keep him. This is a rape case in the state, right? Yes. Rape case in the state. More serious charge. More serious charge. I'm sure the statute of limitations is not running Maryland on a rape, felony rape charge. I don't know the answer to that. All I know is no one wants to put. I'm really shocked that you don't know the answer and neither does the other side. I mean, no, the answer to what it is in the state. I know it's a rape case and I know it's, I know it's on the set docket. You could pursue it now, not whether they would pursue it, but whether one could be pursued in state court. I just am shocked that you, you know, well, I know when I tried cases, it's sort of hard to find out everything I could. I did. And I looked up the docket and I noted that it was on the stat. And I, um, I, I believe that it is within the one year period where it could be easily revived. And then there's another two years after that where there's under certain circumstances, cases can be revived. So I'm saying, I think it is theoretically possible. The case can be revived. That's limitations on a rape case in Maryland. I apologize that I don't know the answer. It's pretty long. I imagine. I imagine it probably is that I don't know. Are you a member of Maryland bar? I am not. I'm a member of the Virginia and DC bars. Okay. But I do deal with Maryland state prosecutors on a daily basis. Um, and have dealt extensively with the prosecutor in this case. Before you took this, I shouldn't say took it from, but before you decided that you're going to make this a federal charge, rather than state, didn't you consider your, your options on the state side, which is as a state crime. The case was proceeding parallel in both courts for a very long time. Did the prosecutors talk to each other though? Yes. And the case was proceeding in the same officers involved. Yes, sure. You did. I mean, we, we didn't come over on the pickle boat. Uh, no, the case, like I said, the case was actively moving forward in both jurisdictions because it is both a state and a federal crime. So it was proceeding in both jurisdictions for a very long time. If you lose this appeal, the state can do whatever it wants to in that case. Yes, but the state would have to put a nine-year-old child on the stand for a second rape case, which the state does not want to do. Well, they got obligations. It wasn't in the record. I only, only to answer your question as to advantageous to your position. Certainly you're on all day, only to answer the question about the state court proceeding. No, this question was the state could proceed if it wanted to. And then your answer was, but the state doesn't want to. Fair enough. Fair enough. Any other questions here? All right. Thank you. Do you have any rebuttal? The, the government's position here seems to be that if you, that having, taking the photo into, uh, a time, uh, a situation where you are, taking a device that would give you the photo into, uh, a situation where you were going to abuse a child satisfies that your intent to do that satisfies the intent requirement of statute. And why is that wrong? That's wrong because it's simply insufficient. Well, first of all, again, I, and I, I'm sorry that this government's upset about the fact that we're talking about this as a cell phone, but I mean, again, this is a case. And I think judge Gregory was correct to point out in which it involved a cell phone. And there is no evidence in this case that he thoughtfully decided to bring his cell phone down into the basement with him that night. So that's, that is the first fact. The second, in terms of the element thoughtfully, well, with some specific intent, I mean, it's, it's specific intent to bring it. You've got, you can see that he intended to bring it because he took the picture. Of course, of course, right. But that does not intending to bring a cell phone, given all the things a cell phone can do about a cell phone, but it is a photograph. It is a device that can take pictures, which does take lots of pictures. That is correct. Your honor. But again, a lot of pictures for this guy. Again, your honor, this is the specific intent in the plain language of the statute could not be any clearer. It is not a general intent statute. And I think adopting the standard that the government's asking this court to adopt, which is that if there is a photographic device present, so you can assume that it was intentionally present. And if he intentionally took the picture that eviscerates the specific intent, mens rea that turns it into a general intent. You have those two intents. So what further intent did you need to satisfy the statute? You need further evidence that the reason that he was engaging in the sex act was to take the picture. That's the, that is the specific intent that there was a, like a motivational nexus that taking the picture in some way, motivated his abuse of the child. That's what this statute is about because that's why the government, that's why Congress passed the statute. We don't want people to abuse children. We don't want people to abuse children for the purpose of creating these photographs. That's what the statute is all about. It's preventing the abuse in the first place. Taking the picture motivated the child abuse. That's exactly right. And was the, was the instruction consistent with that proposition? Yeah, the instruction was actually stronger than the law because the instruction says the purpose says for the purpose, actually. Um, I do want to just emphasize that, you know, this court, as I said, does not need to decide. The problem was it got to the jury. Absolutely. It got to the jury. He was going to get convicted. Absolutely. And I think judge Gregory made, again, a really important point that even though these defendants are the, um, you know, could be called the worst of the worst, that that's exactly what makes them the most vulnerable to, you know, to having their rights, um, disregarded. And I think that in cases like this, the court has to be particularly careful. I mean, it is incredibly easy to prosecute someone for one of these cases. And I'm, again, as confused as this court is about why the state just didn't do that. I mean, the state, unlike in some of our, you know, gun cases where the federal government steps in and prosecutes gun cases because the state doesn't do a great job of that in Baltimore city, you know, the state does a very good job of prosecuting child sex abuse crimes. And this, this is a state case. Implicit or explicit from the United States was that a state conviction would require, um, nastier or more invasive questions of the, of the victim. Well, first your honor, respectfully, I don't think that that's truly relevant to this court's inquiry. I mean, it's not asking for a reason. Oh, why they went in. No, that's not true at all. I mean, this Evan, I mean, there was evidence that the government proved that she had been sexually abused in this case. I mean, she took the stand. If you believed her, she took the stand and said that he had sex with me. Well, what do you mean if you believed her? I mean, if the jury, if the jury believed her, absolutely cold on that. Yes. So that is it. I mean, it wouldn't have taken any more evidence than it did. I just want to remind the court that this case, in addition to not having to decide the standard, whether it's dominant purpose or a purpose, the court also doesn't really need to decide how much evidence is sufficient. All it needs to say is that what you have before you here is not sufficient because it is not your honors. And if you did find that this evidence was sufficient, you would be erasing the specific intent mens rea in this case. And so regardless of the fact that Mr. Palomino did commit a horrific crime, he did not commit this crime. He is factually innocent of this crime, your honor, and therefore this conviction must be vacated. Thank you. Thank you very much. We will come down and greet the lawyers and then go directly to our panel.
judges: Diana Gribbon Motz, Robert B. King, Roger L. Gregory